IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ALLIANCE FOR THE WILD ROCKIES, a non-profit organization; and COUNCIL ON WILDLIFE AND FISH, a non-profit organization,<br><br>      Plaintiffs,<br><br>vs.<br><br>U.S. FOREST SERVICE, a federal agency; LEANNE MARTEN, in her official capacity as Regional Forester of U.S. Forest Service Region 1; MARY ERICKSON, in her official capacity as Forest Supervisor for the Custer-Gallatin National Forest; and U.S. FISH AND WILDLIFE SERVICE, a federal agency,<br><br>      Defendants,<br><br>      and<br><br>SUN MOUNTAIN LUMBER, INC., a Montana Corporation,<br><br>      Defendant-Intervenor. | Lead Case:<br>CV-23-110-M-DLC-KLD<br><br>Member Case:<br>CV-23-154-M-DLC-KLD<br><br>ORDER |

GALLATIN WILDLIFE ASSOCIATION, a non-profit organization; NATIVE ECOSYSTEMS COUNCIL, a non-profit organization; and WILDEARTH GUARDIANS, a non-profit organization,

        Plaintiffs,

vs.

MARY ERICKSON, in her official capacity as Forest Supervisor for the Custer-Gallatin National Forest; RANDY MOORE, in his official capacity as the Chief of the U.S. Forest Service; the UNITED STATES FOREST SERVICE, a federal agency; MARTHA WILLIAMS, in her official capacity as Director of the U.S. Fish and Wildlife Service; the UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; DEB HAALAND, in her official capacity as Secretary of the Interior; and the UNITED STATES DEPARMENT OF THE INTERIOR, a federal department,

        Defendants.

This matter comes before the Court on a motion to intervene in the lead case filed by Sun Mountain Lumber, Inc. ("Sun Mountain"). Sun Mountain moves to intervene as a matter of right, or in the alternative, permissively under Federal Rule of Civil Procedure 24(a) and (b). (Doc 20). Plaintiffs and Federal take no position on this motion. For the reasons discussed below, Sun Mountain's motion is

granted.

I.   Background

The Custer Gallatin National Forest authorized a major commercial logging project in the Greater Yellowstone Ecosystem ("GYE") known as the South Plateau Landscape Area Treatment Project ("South Plateau Project" or "Project") in August, 2023. (Doc. 1, ¶ 2). The South Plateau Decision Notice authorizes clearcutting on more than 5,500 acres and commercial logging on another 6,600 acres of mature forests. (Doc. 1, ¶ 3). Plaintiffs seek declaratory and injunctive relief, alleging that the Forest Service's authorization of the Project violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 1331, the National Forest Service Management Act ("NFMA"), 16 U.S.C. §§ 1600, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701.

Sun Mountain is a family operated business that has had a steady presence in the Montana timber productions industry since 1976. (Doc. 21 at 10). Sun Mountain employs 157 individuals at its Deer Lodge, Montana stud mill and fingerjoint facility and recently purchased another sawmill in Livingston, Montana, where it plans to hire 75 employees. (Doc. 21 at 10). Sun Mountain does not own any private timberlands, and as a result is a frequent purchaser of timber sales through the Forest Service. (Doc. 21 at 10). Currently, approximately 51 percent of Sun Mountain's log inventory comes from timber sales offered by the Forest Service. (Doc. 21 at 10). Sun Mountain has been awarded the Plateau DxP SBA

Timber Sale, which is located within the South Plateau Project area.

## II.     Legal standard

A party may intervene as a matter of right when: (1) the movant's motion is timely; (2) the movant asserts an interest relating to the property or transaction that is the subject of the action; (3) the movant is so situated that, without intervention, the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the movant's interest is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*). An applicant's interest in the litigation is sufficient so long as "it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y*, 630 F.3d at 1179. Courts accept nonconclusory allegations and evidence submitted in support of a motion to intervene as true. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001).

Under Rule 24(b), the court has discretion to grant permissive intervention to anyone who, upon making a timely motion, has a claim or defense that shares a common question of law or fact with the underlying action. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Therefore, unlike intervention as of right, permissive intervention does not require a protectable interest or inadequacy of representation, and "plainly dispenses with any requirement that the intervenor shall have direct personal or pecuniary interest in the subject of the litigation." *Kootenai Tribe of Idaho*, 313 F.3d at 1108.

### III. Discussion

The Court finds that Sun Mountain meets the standard for intervention as of right. First, to determine whether a motion is timely, the Court considers three factors: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *Orange Cnty v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). The key consideration is whether the intervention will prejudice the existing parties. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016). Here, Plaintiffs filed their Amended Complaint on November 14, 2023 (Doc. 12), Federal Defendants filed their Answer on December 11, 2023 (Doc. 19), and the Court entered the Parties' Joint Case Management Plan on December 4, 2023 (Doc. 17). Therefore, because this case is in its early stages, and because the Parties have not yet engaged in any substantive proceedings, the application to intervene is timely and will not prejudice the existing Parties.

Second, Sun Mountain has a protectable interest. Companies that use public timber have "a broader interest in any litigation that might impede [their] ability to obtain timber from federal lands in the future." *Ctr. for Biological Diversity v.*

*Gould*, 2015 WL 6951295, *2 (E.D. Cal. Nov. 10, 2015); *see also N. Cascades Conservation Council v. U.S. Forest Serv.*, 2021 WL 871421, *3 (W.D. Wash. Mar. 9, 2021). Here, Sun Mountain is a frequent purchaser of timber sales on the Custer Gallatin National Forest and has purchased the Plateau DxP SBA Timber Sale, which is located within the South Plateau Landscape Area Treatment Project ("South Plateau Project"). The Plateau DxP SBA Timber Sale is expected to generate approximately 12.5 MMBF of timber volume and will be processed at Sun Mountain's two sawmills. (Doc. 21 at 8). In addition to the Plateau DxP SBA Timber Sale, Sun Mountain argues that it generally relies on the South Plateau Project as a reliable supply of timber, to keep its workers employed, and its facilities operating. (Doc. 21 at 17). Sun Mountain has therefore shown that it has a significant protectable interest relating to the underlying action.

Third, Sun Mountain's interests would be adversely affected should Plaintiffs succeed in vacating the Forest Service's approval of the South Plateau Project and in enjoining the commercial harvest activities authorized under the Project. (Doc. 21 at 8). Most notably, Sun Mountain has purchased a timber sale associated with the Project and asserts that it is likely to purchase future timber sales should the Project continue. (Doc. 21 at 20). If the timber sales were enjoined, Sun Mountain maintains, it is unlikely to find alternative replacement volume from the Custer Gallatin National Forest or on the open market. (Doc. 21 at 20). Sun Mountain further asserts an interest in sustainable timber supplies,

forest health, and fire resiliency, which it argues would be impaired should Plaintiffs succeed. (Doc. 21 at 20).

Finally, Sun Mountain's interests would not be adequately represented by the current Parties. A proposed intervenor's interests are adequately represented if "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Sw. Ctr. for Biological Diversity v. Babbitt*, 550 F.3d 1152, 1153–54 (9th Cir. 1998). "The most important factor in assessing the adequacy of representation is how the interest compares with the interests of the existing parties." *Citizens of Balanced Use v. Montana Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotation marks omitted).

Here, Sun Mountain argues that although it and the Defendants seek the same outcome, including improving the productivity of timber stands and treating hazardous fuels to increase fire suppression effectiveness, Sun Mountain has other economic and ecological interests at stake that are unique to its position as a timber company. (Doc. 21 at 22). The Court agrees that the Federal Defendants have a broader public interest and do not represent the economic and community-level interests of Sun Mountain. Therefore, Federal Defendants may not adequately represent Sun Mountain's interests as the regulated party.

Accordingly, for the reasons set forth above,

IT IS ORDERED that the motion to intervene (Doc. 20) is GRANTED. Sun Mountain shall be permitted to intervene as of right in this matter, and the caption shall be modified as reflected above.

IT IS FURTHER ORDERED that Sun Mountain shall refile the submissions (Docs. 21-8, -9, -10, -11) attached to their motion to intervene.

DATED this 3rd day of January, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge